Roger IDE, Appellant,

v.

RED WING POLICE RELIEF ASSOCIATION, et al., Respondents,

The City of Red Wing, a municipal corporation organized under the laws of Minnesota, Third Party Defendant, Respondent.

No. C3–84–1068.

Court of Appeals of Minnesota.

April 16, 1985.

Timothy K. Dillon, Cannon Falls, for appellant.

Richard W. Johnson, Red Wing, for Red Wing Police Relief Ass'n, et al.

Patrik J. Costello, Red Wing, for City of Red Wing.

Considered and decided by ·NIEREN-GARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Roger Ide appeals from a judgment determining that he was not "disabled" so as to qualify for pension benefits under the terms of the Red Wing Police Relief Association by-laws. We affirm.

## FACTS

Roger Ide is a forty-nine year old man who, for twenty-five years, worked as a police officer with the City of Red Wing Police Department. During his first eleven years with the department, Ide worked a rotating shift, and for the following fourteen years he worked a straight night shift. During those twenty-five years, Ide's health was generally unremarkable.

In 1980 a new chief of police decided that all officers would be required to work rotating shifts. When Ide attempted to switch to daytime hours he allegedly experienced insomnia, headaches, dizziness, nausea, disorientation and vomiting. He was granted some compensatory time and sick leave, but was eventually asked to resign.

Ide requested disability pension benefits from the Red Wing Police Relief Association. When his request was denied he brought this action in district court, seeking a determination that he was disabled within the meaning of the Association's by-laws. The trial court determined that Ide was not disabled from performing the duties of a police officer and he appealed.

## ISSUE

Was the trial court's finding that Ide was not disabled clearly erroneous?

## ANALYSIS

The by-laws of the Red Wing Police Relief Association provide:

Any member of this Association who, by any reason of sickness or accident, becomes disabled from performing the duties of a policeman, policewoman, or police matron, in the police department of the City of Red Wing * * * shall be entitled to receive from the association, during the period of such disability, a pension * * *

At trial, Ide sought to establish that he was disabled from performing the duties of a police officer by reason of a condition called "phase shift sleep syndrome". Expert testimony submitted on Ide's behalf indicated that this syndrome is recognized by the medical community and that Ide's alleged symptoms were characteristic of the disease. However, testimony submitted on behalf of the respondent Police Relief Association refuted Ide's claim of disability.

The trial court, after weighing the evidence and judging the credibility of the witnesses, determined that Ide had not adequately supported his claim of disability. A trial court's decision must be upheld unless it is clearly erroneous. Minn.R. Civ.P. 52.01. In the present situation, the record supports the trial court's determination that Ide failed to demonstrate that he was "disabled". We note particularly that Ide presented no witnesses to confirm his claim that his alleged symptoms indeed occurred. In addition, the physicians who attested to Ide's alleged disability based their diagnoses largely upon Ide's own description of his symptoms. One doctor testified that he could not judge whether Ide was unable or unwilling to tolerate shift rotations.

Not only does the record support the trial court's conclusion that Ide failed to support his claim of disability; in addition there is evidence directly contradicting

Ide's claim that he could not adjust to the daytime hours necessitated by a rotating shift. Testimony by a co-worker indicated that Ide had attended daytime breathalyzer training sessions while employed with the police department and had not complained of sleep adjustment problems. Finally, cross-examination revealed that Ide did not have problems adjusting to a rotating shift at a nuclear power plant after he left the police force.

### DECISION

The trial court's decision that Ide was not disabled was not clearly erroneous.

Affirmed.